IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03CR588 |
| | ) | |
| v. | ) | |
| | ) | |
| DECABOOTER FLOWERS, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on the defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Filing No. 29) and his corrected motion to vacate, set aside or correct sentence (Filing No. 31). After consideration of the defendant's brief, the record and applicable law, the Court finds that the defendant's motions should be denied.

## BACKGROUND

On December 18, 2003, a one-count sealed indictment was filed in the United States District Court for the District of Nebraska against Decabooter Flowers ("the defendant"), charging that from on or about January 1, 2000, to September 5, 2003, the defendant conspired with others to distribute and possess with intent to distribute 50 grams or more of cocaine base, and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (b)(1). The defendant was arrested on a warrant on December 31, 2003, and initially entered a plea of not guilty. At the change of plea hearing on February 24, 2004, the

defendant pled guilty to Count I of the indictment.  The Court accepted the defendant's plea and ordered that a pre-sentence investigation report be prepared.

At the sentencing hearing held on May 24, 2004, the defendant objected, *inter alia*, to that portion of the pre-sentence investigation report ("PSI") recommending a career offender enhancement under § 4B1.1 of the United States Sentencing Guidelines ("the Guidelines").  The PSI concluded that defendant was a career offender under the Guidelines because the defendant had prior felony convictions for attempted burglary and possession with intent to distribute crack cocaine.  The defendant argued that he was not a career offender because his conviction for attempted burglary did not qualify as a "crime of violence" under the Guidelines.  After considering the objection and the arguments of counsel, the Court found that defendant's attempted burglary conviction constituted a "crime of violence," and that the defendant qualified as a career offender under the Guidelines.  The Court further found that defendant's criminal history category of IV and adjusted offense level of 34, which included a one-level career offender enhancement, converted into a sentencing range of 262 to 327 months.  The Court sentenced the defendant to 262 months in prison, five years of supervised release, and a $100 special assessment.

The defendant filed the instant motion on February 23, 2005, seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  The defendant claims that he is entitled to § 2255 relief because he is not a career offender under the Guidelines.[1]

On March 15, 2005, the government filed a motion for reduction of sentence under Rule 35 of the Federal Rules of Criminal Procedure, based on the substantial assistance provided by the defendant (Filing No. 32).  The Court granted the government's motion on April 5, 2005, and reduced the defendant's sentence to 86 months (Filing No. 34).  The Court then entered an order, directing the defendant to show cause as to why his § 2255 motion should not be dismissed (Filing No. 36).  The defendant filed a response, indicating that he intended to proceed with the motion (Filing No. 38).  In his response, the defendant added claims that he is entitled to § 2255 relief because he received ineffective assistance of counsel.[2]

---

[1] Defendant also sought § 2255 relief under *United States v. Booker*, 543 U.S. 220 (2005); however because it is now well-settled in the Eighth Circuit that *Booker* is not retroactively applicable to final convictions on collateral review, *see Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005), the defendant's § 2255 argument on that ground is now foreclosed.

[2] The Court will consider defendant's response as an attachment to his § 2255 motion.

On July 27, 2005, the Court entered an order, directing the government to respond on the issue of whether the defendant received ineffective assistance of counsel due to his attorney's alleged failure to uphold his rights of appeal (Filing No. 40). This matter has been fully briefed and is now before the Court.

**DISCUSSION**

**I.   Defendant's Career Offender Claim**

The defendant contends that the Court erred in finding him to be a career offender under § 4B1 of the United States Sentencing Guidelines ("the Sentencing Guidelines"). During the sentencing hearing held on May 24, 2004, the Court found that the defendant was a career offender based on prior Nebraska felony convictions for attempted burglary and possession with intent to distribute crack cocaine (TSH 9:9-12).[3] During the defendant's Rule 35 hearing held on April 1, 2005, the Court questioned whether attempted burglary constituted a crime of violence and, therefore, whether it had erroneously relied on that conviction in finding the defendant to be a career offender (Rule 35 Trans. at 10:11-13:10). However, having re-reviewed the pre-sentence investigation report, the sentencing hearing transcript, and the Sentencing Guidelines, the Court now concludes, for reasons explained below, that a felony conviction for attempted burglary

---

[3] "TSH" refers to the transcript of the sentencing hearing held on May 24, 2004.

qualifies as a crime of violence under § 4B1 of the Guidelines and that the Court, therefore, correctly found the defendant to be a career offender under the Guidelines.

A defendant qualifies as a career offender under § 4B1.1(a) of the Sentencing Guidelines, and is thus subject to the career offender enhancement, if (1) the defendant was at least 18 years old at the time of committing the instant offense; (2) the instant offense is either a crime of violence[4] or a controlled substance offense;[5] and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  Although § 4B1.2(a)(2) of the Guidelines does not expressly define a crime of violence to include attempted burglary, application note 1 to § 4B1, explains that a crime of violence also includes the offenses of aiding and abetting, conspiring, and attempting to commit the such offenses.

---

[4] Section 4B1.2(a) defines a "crime of violence" as any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that -- (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

[5] Section 4B1.2(b) defines a "controlled substance" as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense.

Because the application notes in the Sentencing Guidelines are authoritative and binding, see *United States v. Iversen*, 90 F.3d 1340, 1343 n. 3 (8th Cir. 1996), the Court finds that it did not err in concluding that the defendant's prior state conviction for attempted burglary constituted a crime of violence under § 4B1.2(a).

**II. Defendant's Ineffective Assistance of Counsel Claim**

The defendant also seeks relief under § 2255 for ineffective assistance of counsel. The defendant contends that his attorney was ineffective because his attorney allegedly (1) hung up the phone on him during heated arguments that occurred prior to the defendant's plea and sentencing; (2) waived the defendant's deposition hearing without permission; (3) refused to let the defendant fire him; (4) induced the defendant to plea by telling him that there was no way he could beat his indictment and promising that he would only end up serving 60 months if he proffered; (5) failed to hold up the defendant's rights on appeal; and (6) failed to notify the defendant of his Rule 35 hearing.

Ineffective assistance of counsel claims are evaluated under the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffective assistance of counsel under *Strickland*, the defendant must prove (1) that his counsel's representation was deficient

and (2) that the deficient performance prejudiced the defendant's case. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The first part of the test is met when the defendant shows that counsel "failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibit[ed] under similar circumstances." The second part is met when the defendant shows that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (*citing Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988). Because a defendant's failure to establish prejudice can be dispositive, a court need not address the reasonableness of the attorney's behavior if the defendant cannot prove prejudice. *Apfel*, 97 F.3d at 1076 (citing *Sanders v. Trickey,* 875 F.2d 205, 211 n. 8 (8th Cir.), *cert. denied,* 493 U.S. 898 (1989), and *Strickland*, 466 U.S. at 697).

      Having carefully reviewed the record, the Court finds that the defendant has failed to prove that any prejudice resulted from his counsel's alleged deficiencies. The defendant has made no showing that the first five alleged deficiencies enumerated *supra*, which all occurred prior to defendant's plea, affected, in any way, defendant's decision to plead guilty to Count I of the indictment. The defendant voluntarily plead to Count I of the indictment and also admitted during the plea

-7-

hearing, upon inquiry by the Court, that he had no objections to his counsel's representation and was satisfied with that representation.  Thus, the Court concludes that the defendant's first five contentions lack merit.

The Court also finds that defendant's sixth contention, regarding his counsel's alleged failure to hold up his rights on appeal, is without merit.  The defendant contends, without providing any supporting evidence, that his attorney failed to comply with the defendant's request to appeal.  The defendant's bare assertion that he requested his attorney to file an appeal is not sufficient to warrant relief, in light of the credible and detailed explanation provided by defendant's counsel regarding the circumstances of defendant's appeal, *see* Statement of Counsel attached to Filing No. 48; *see also Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002) ("A bare assertion by the petitioner that [he] made a request [to his attorney to file an appeal] is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition.").  Accordingly, the Court concludes that the defendant has failed to sustain his burden of proving ineffective assistance of counsel.

For the reasons set forth herein, defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C.

§ 2255 will be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 10th day of January, 2006.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court